UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                    :
MUENCH PHOTOGRAPHY, INC.,                                           :
                                                                    :   No: 1:12-cv-07502 (MGC)
                    Plaintiff,                                      :
                                                                    :   The Hon. Miriam Goldman Cedarbaum
                                                                    :
            -against-                                               :
                                                                    :
                                                                    :   ECF Case
                                                                    :
JOHN WILEY & SONS, INC.,                                            :
                                                                    :
                    Defendant.                                      :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


# MEMORANDUM OF LAW
# IN SUPPORT OF PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT
# BY DEFENDANT JOHN WILEY & SONS, INC.


Christopher P. Beall (CB4590)
Elizabeth Seidlin-Bernstein (ES0129)
LEVINE SULLIVAN KOCH & SCHULZ, LLP
321 West 44th Street, Suite 510
New York, NY 10036

*Counsel for Defendant John Wiley & Sons, Inc.*

Pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, Defendant John Wiley & Sons, Inc. ("Wiley") respectfully submits this Memorandum of Law in support of its partial motion to dismiss the First Amended Complaint ("FAC") of Plaintiff Muench Photography, Inc. ("Muench"):

## INTRODUCTION

This civil action asserts claims for breach of contract and copyright infringement. Both theories of liability are based on vague, conclusory allegations that Wiley has exceeded limitations set forth in eighteen invoices issued to Wiley by Corbis Corporation ("Corbis"), a stock photography agency acting on Muench's behalf.

Remarkably, in defiance of repeated rulings by this Court in Muench's lawsuits against other textbook publishers, Muench continues to assert copyright infringement claims based on invalid group copyright registrations. Every single one of the photographs listed in Exhibit 1 to the FAC has a copyright registration that Chief Judge Preska has already found to be deficient a matter of law. Under well-settled collateral estoppel principles, Muench cannot now re-litigate this legal issue, and all of the copyright infringement claims should be dismissed pursuant to Rule 12(b)(6).

Furthermore, for three of the books at issue, Muench is suing Wiley, a U.S. corporation, even though there can be no dispute that the books were published by John Wiley & Sons Canada Ltd. or John Wiley & Sons Australia Ltd., both independent corporate entities organized under foreign laws and located outside of the United States. The contract claims relating to these books should be dismissed under Rule 12(b)(1) because the Court lacks subject matter jurisdiction over claims for which Wiley has no standing to defend itself, and under Rule 12(b)(6) because Muench fails to allege the existence of a contract between Corbis and Wiley.

**FACTUAL BACKGROUND**

Muench is a corporation that purports to own copyrights in various photographs allegedly created by David and Marc Muench. (FAC ¶¶ 1, 6.) Wiley is a New York corporation that publishes educational textbooks. (*Id.* ¶ 2.)

This case is one of several that both Muench and its counsel have brought against textbook publishers for the alleged over-runs of invoices for permission to use stock photographs that Muench routinely licensed through Corbis. *See, e.g.*, *Muench Photography, Inc. v. The McGraw-Hill Cos., Inc.*, No. 12-cv-06595-LAP (S.D.N.Y. filed May 15, 2012); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09-cv-02669-LAP (S.D.N.Y. filed Mar. 23, 2009).

As reflected in Exhibit 1 to the FAC, Muench has placed at issue nineteen different photographs, for which it contends that Wiley is liable based on twenty-five unauthorized uses across eighteen different textbooks, arising from eighteen different invoices issued by Corbis from December 2003 to November 2009. (FAC Ex. 1.) Exhibit 1 lists the alleged copyright registration numbers for each of these photographs. (*Id.*) Two of the invoices listed in Exhibit 1 were issued by Corbis to John Wiley & Sons Canada Ltd. (*Id.* at rows 16-19, 25; *see also* Verifying Declaration of Ashima Aggarwal ("Aggarwal Decl.") Ex. 1 (Invoices Issued to John Wiley & Sons Canada Ltd. ).)[1]  John Wiley & Sons Canada Ltd. is a public company organized

---

[1] Although Muench did not attach the invoices issued by Corbis, its pleadings explicitly reference them (*see* FAC ¶¶ 8-9 & Ex. 1), and any such contracts are both necessarily incorporated by reference and integral to the claims themselves. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). As a result, the Court may consider these invoices without converting Wiley's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment. *See PB Ams. Inc. v. Cont'l Cas. Co.*, 690 F. Supp. 2d 242, 253-54 (S.D.N.Y. 2010) (considering copies of insurance agreements that were not attached to plaintiff's pleadings but were integral to plaintiff's claims in granting motion to dismiss under

*Continued on following page . . . .*

2

under the laws of Ontario, Canada and located in Mississauga, Ontario.  (*See* Aggarwal Decl. Ex. 3 (Certificate of Incorporation for John Wiley & Sons Canada Ltd.).)[2]  In addition, one of the textbooks listed in Exhibit 1 was published by John Wiley & Sons Australia, Ltd.  (FAC Ex. 1 at row 23; *see also* Aggarwal Decl. Ex. 2 (Invoices Issued to John Wiley & Sons Australia Ltd.).)  John Wiley & Sons Australia Ltd. is a public company organized under the laws of Australia and located in Milton, Queensland.  (Aggarwal Decl. Ex. 4 (Certificate of Incorporation for John Wiley & Sons Australia Ltd.).)  Both John Wiley & Sons Canada Ltd. and John Wiley & Sons Australia Ltd. are separate corporate entities from Wiley, the named defendant in this case.  (*Id.*; FAC ¶ 2.)

## ARGUMENT

### I.
### MUENCH'S COPYRIGHT CLAIMS ARE BARRED BECAUSE THEY ARE BASED ON INVALID COPYRIGHT REGISTRATIONS

All of the photographs listed in Exhibit 1 to the FAC rely upon copyright registrations that this Court has already addressed in Muench's prior litigation against Houghton Mifflin Harcourt Publishing Company.  In that case, Chief Judge Preska issued a series of decisions rejecting Muench's efforts to rely on group registrations of its photos.  *See Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 712 F. Supp. 2d 84, 95 (S.D.N.Y. 2010)

---

*Continued from previous page. . . :*

Rule 12(b)(6)).  Furthermore, district courts may consider evidence extrinsic to the complaint in resolving a motion to dismiss under Rule 12(b)(1).  *See Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002).

[2] District courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), including documents publicly filed with a government agency.  *See, e.g.*, *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (judicial notice of documents filed with the Securities and Exchange Commission); *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 757 F. Supp. 2d 260, 337 (S.D.N.Y. 2010) (judicial notice of certificate of incorporation).

("*Houghton Mifflin I*"); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09-cv-2669-LAP, 2010 WL 3958841, at *3 (S.D.N.Y. Sept. 27, 2010) ("*Houghton Mifflin II*"); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09-cv-2669-LAP, 2012 WL 1021535, at *4-5 (S.D.N.Y. Mar. 26, 2012) ("*Houghton Mifflin III*").  Specifically, Chief Judge Preska held that the copyright registrations of several Corbis databases of photographs by different photographers—including registration numbers VA 863-783, VA 863-785, and VA 1-371-165—were invalid as to Muench's individual works within those databases, because Muench was not listed as an author as required by 17 U.S.C. § 409(2).  *Houghton Mifflin I*, 712 F. Supp. 2d at 87, 94-95; *see also Houghton Mifflin II*, 2010 WL 3958841 (reiterating this holding on motion for reconsideration).  The Court also held that Muench could not rely on supplementary registrations under 17 U.S.C. § 408(d) to overcome the deficiencies of the original registrations.  *Houghton Mifflin III*, 2012 WL 1021535, at *3.  Thus, all of Muench's copyright claims against Houghton Mifflin based on these insufficient registrations were barred.  *Houghton Mifflin III*, 2012 WL 1021535, at *6; *Houghton Mifflin I*, 712 F. Supp. 2d at 95; *see also* 17 U.S.C.A. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.").

In light of these rulings, all of Muench's copyright claims here against Wiley, based on the same invalid registrations, are barred as well.  "A party is collaterally estopped from raising an issue in a proceeding if: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."  *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86,

91 (2d Cir. 1997) (internal quotation marks omitted).  Each of the eighteen photographs listed in Exhibit 1 to the FAC has a copyright registration number of  VA 863-783, VA 863-785, or VA 1-371-165—registrations that this Court expressly considered, and found lacking, in the *Houghton Mifflin* case.  *See Houghton Mifflin I*, 712 F. Supp. 2d at 87, 94-95.  Muench had ample opportunity to litigate this very issue before Chief Judge Preska, resulting in the dismissal of all copyright claims based on insufficient registrations.  There is no question that Muench is collaterally estopped from re-litigating the issue against a new defendant in this case.  *See Jasper v. Sony Music Entm't, Inc.*, 378 F. Supp. 2d 334, 343 (S.D.N.Y. 2005) ("By binding the plaintiff to earlier judicial decisions in which he was a party, defensive collateral estoppel precludes a plaintiff from getting a second bite at the apple merely by choosing a new adversary."); *Whimsicality, Inc. v. Battat*, 27 F. Supp. 2d 456, 463 (S.D.N.Y. 1998) (applying collateral estoppel where enforceability of plaintiff's copyrights had already been litigated in prior proceeding).

  Indeed, Chief Judge Preska ruled in a subsequent lawsuit brought by Muench against The McGraw-Hill Companies that Muench could not assert copyright claims based on the registrations that had been invalidated in the *Houghton Mifflin* case.  *See* Order, *Muench Photography, Inc. v. The McGraw-Hill Cos., Inc.*, No. 12-cv-06595-LAP (S.D.N.Y. Oct. 9, 2012) (Doc. No. 36).  The same result is required here.  Muench's continued pursuit of copyright claims that are clearly precluded borders on sanctionable conduct, although Wiley does not seek sanctions at this time.  *See, e.g.*, *G & T Terminal Packaging Co., Inc. v. Consol. Rail Corp.*, 719 F. Supp. 153, 160-61 (S.D.N.Y. 1989) (granting motion for Rule 11 sanctions where "reasonable inquiry should have warned [plaintiffs] that they could not relitigate this claim given the familiar

5

doctrines of res judicata and collateral estoppel"). Accordingly, all of Muench's copyright infringement claims against Wiley should be dismissed.

## II.
## THE CONTRACT CLAIMS BASED ON CANADIAN AND AUSTRALIAN TEXTBOOKS SHOULD BE DISMISSED BECAUSE MUENCH HAS SUED THE WRONG PARTY

The contract claims against Wiley based on alleged use of Muench's photos in Canadian and Australian textbooks are subject to dismissal because Muench has sued the wrong corporate entity. These claims must be dismissed under either (or both) Rule 12(b)(1) because Wiley, the named defendant, lacks standing to defend itself, and Rule 12(b)(6) because Muench fails to allege a plausible basis upon which relief can be granted against Wiley.

**A.     This Court Lacks Subject Matter Jurisdiction Over the Claims Concerning Canadian and Australian Books Because Wiley Has No Standing to Defend Itself**

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (internal quotation marks omitted). On a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of proving, by a preponderance of the evidence, that subject matter jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In deciding the motion, "the court may resolve disputed jurisdictional factual issues by reference to evidence outside the pleadings," and "no presumptive truthfulness attaches to the complaint's jurisdictional allegations." *Augienello v. FDIC*, 310 F. Supp. 2d 582, 588 (S.D.N.Y. 2004) (internal quotation marks omitted).

Article III, section 2 of the United States Constitution limits the subject matter jurisdiction of federal courts to "Cases" or "Controversies." It is well settled that "[s]tanding to sue *or defend* is an aspect of the case-or-controversy requirement." *Arizonans for Official*

6

*English v. Arizona*, 520 U.S. 43, 64 (1997) (emphasis added).  The injury complained of must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (alterations omitted).  Thus, Muench has the burden of demonstrating that the named defendant, a U.S. corporation, can be held responsible for alleged breaches of contract by John Wiley & Sons Canada Ltd. and John Wiley & Sons Australia Ltd., entirely distinct corporate entities.  *See id.*; *see also Carte Blanche (Singapore) Pte. Ltd. v. Diners Club Int'l, Inc.*, 2 F.3d 24, 26 (2d Cir. 1993) ("Generally speaking, a parent corporation and its subsidiary are regarded as legally distinct entities and a contract under the corporate name of one is not treated as that of both.").  Put another way, Muench must show that Wiley has standing to ***defend*** against these breach of contract claims.  *See Arizonans for Official English*, 520 U.S. at 64.

The FAC, however, includes no factual allegations that would support piercing the corporate veil and imposing liability on Wiley for the conduct of its subsidiaries.  *See Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 223-24 (S.D.N.Y. 2011) (holding that plaintiff lacked standing to sue parent company for the actions of its subsidiary, absent facts sufficient to pierce the corporate veil).  Moreover, to prevail on a motion to dismiss under Rule 12(b)(1), Muench must offer more than unsupported allegations about the relationship between Wiley and the foreign business entities to which Corbis issued invoices.  *See Augienello*, 310 F. Supp. 2d at 588.  Rather, Muench must prove, by a preponderance of the evidence, that this Court has subject matter jurisdiction over the contract claims against John Wiley & Sons Canada Ltd. and John Wiley & Sons Australia Ltd.  *Id.*  Because Muench cannot establish that Wiley has standing to defend against these claims, they should be dismissed under Rule 12(b)(1).

7

**B.     Muench Has Also Failed to Allege Plausible Breach of Contract Claims Against Wiley Based on the Invoices Issued for Canadian and Australian Books**

Additionally, Muench's breach of contract claims against Wiley based on invoices issued by Corbis to John Wiley & Sons Canada Ltd. and John Wiley & Sons Australia Ltd. should be dismissed under Rule 12(b)(6), as the FAC is wholly lacking in factual allegations that would provide a plausible basis for holding Wiley, the named defendant, liable.

To state a claim for breach of contract under New York law, the plaintiff must allege, among other elements, a "breach by the ***defendant***." *Startech, Inc. v. VSA Arts*, 126 F. Supp. 2d 234, 236 (S.D.N.Y. 2000) (emphasis added); *see also Crabtree v. Tristar Auto. Grp., Inc.*, 776 F. Supp. 155, 166 (S.D.N.Y. 1991) ("It is hornbook law that a non-signatory to a contract cannot be named as a defendant in a breach of contract action unless it has thereafter assumed or been assigned the contract."). "Generally, parent and subsidiary corporations are treated as separate legal entities, and a contract by one does not legally bind the other." *Maltz v. Union Carbide Chems. & Plastics Co.*, 992 F. Supp. 286, 300 (S.D.N.Y. 1998) (citing *Carte Blanche*, 2 F.3d at 26).  Courts interpreting New York law "are reluctant to disregard the distinction between corporate entities," *id.*, and will only do so when "the party seeking to pierce a corporate veil . . . make[s] a two-part showing: (i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Am. Fuel Corp. v. Utah Energy Dev. Co., Inc.*, 122 F.3d 130, 134 (2d Cir. 1997); *see also Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir. 1988) ("Because a principal purpose for organizing a corporation is to permit its owners to limit their liability, there is a presumption of separateness between a corporation and its owners, which is entitled to substantial weight.") (citation omitted).

The FAC contains *no* factual allegations regarding the relationship between Wiley and the foreign entities to which Corbis issued invoices, much less allegations that rise to the level of plausibility necessary to prevail on a motion to dismiss under Rule 12(b)(6).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also, e.g.*, *Koninklijke Philips Elecs. N.V. v. The ADS Grp.*, 694 F. Supp. 2d 246, 251-52 (S.D.N.Y. 2010) (granting motion to dismiss breach of contract claim because factual pleadings failed to meet standard for piercing corporate veil); *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 433 (S.D.N.Y. 2010) (same); *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 403-05 (S.D.N.Y. 2009) (same).  As a result, Muench has failed to state a basis upon which relief may be granted against Wiley for the alleged breaches of contract by John Wiley & Sons Canada Ltd. and John Wiley & Sons Australia Ltd., and these claims should be dismissed.

## CONCLUSION

For the foregoing reasons, all of the copyright claims in this action should be dismissed for failure to state a plausible claim for relief, and the contract claims concerning Canadian and Australian textbooks should be dismissed for lack of subject matter jurisdiction and failure to state a plausible claim for relief.

Dated: New York, New York  
November 20, 2012

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: *s/ Christopher P. Beall*
    Christopher P. Beall
    Elizabeth Seidlin-Bernstein

321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100
(212) 850-6299 (Fax)

*Counsel for Defendant John Wiley & Sons, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this  20th  day of November, 2012, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT** was filed with the Court through the CM/ECF system, which generates an electronic notice of service by email delivery to the following counsel of record:

>Christopher Seidman
>Harmon & Seidman LLC
>101 S. Third Street, Suite 265
>Grand Junction, CO 81501
>chris@harmonseidman.com
>
>*Counsel for Plaintiff Muench Photography, Inc.*

              *s/ Christopher P. Beall*