```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
MUENCH PHOTOGRAPHY, INC.,           :
                                    :
        Plaintiff,                  :    12 Civ. 7502 (LAP)
                                    :
        - v. -                      :    Memorandum & Order
                                    :
JOHN WILEY & SONS, INC.             :
                                    :
        Defendant.                  :
                                    :
------------------------------------X
```

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff Muench Photography, Inc. ("Plaintiff" or "Muench") filed this action for alleged claims for copyright infringement, contributory copyright infringement, vicarious copyright infringement, and breach of contract by Defendant John Wiley & Sons, Inc. ("Defendant" or "Wiley"). Before the Court is Defendant's Partial Motion to Dismiss the First Amended Complaint [dkt. no. 11]. For the reasons that follow, Defendant's motion is GRANTED.

I. BACKGROUND

Plaintiff filed the instant action on or about October 5, 2012. (See Complaint [dkt. no. 1].) Plaintiff filed the First Amended Complaint [dkt. no. 10] (the "FAC") on or about November 5, 2012. In considering this partial motion to dismiss the FAC, the Court takes the factual allegations in the complaint as true

1

and draws all reasonable inferences in favor of the plaintiff. See Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).

Plaintiff Muench is a California corporation principally placed in Goleta, California. (FAC ¶ 1.) It is the owner of the photographs created by David Muench and Marc Muench at issue in this suit (the "Photographs") and of the copyrights of said Photographs, as applicable. (Id. at ¶ 1, 6-7; Ex. 1.) Defendant Wiley is a New York corporation with a principal place of business located in Hoboken, New Jersey, that, among other things, publishes and sells educational textbooks. (Id. ¶ 2.) Defendant sells and distributes publications containing the Photographs throughout the United States, including in the Southern District of New York, and overseas. (Id.) Defendant's use of the Photographs stems from an agreement between Defendant and Corbis Corporation ("Corbis"), a stock photography agency acting on behalf of Plaintiff. (Id. ¶ 8, 24.)

Between 2003 and 2009, in response to permission requests from Defendant, Corbis sold Defendant limited licenses to use copies of the Photographs in numerous publications. (Id. ¶ 9.) These licenses contained express limitations on Defendant's use of the Photographs, including the number of copies, distribution area, image size, language, duration and/or media (print or electronic). (FAC ¶ 9; Ex. 1.) Additionally, an End User License Agreement (the "EULA") was contained within the

licensing agreements requiring Wiley to pay ten times the license fee for any unauthorized use of the Photographs, in addition to any other fees, damages, and penalties available to Plaintiff.  Specifically, the EULA states:

> [The End User does] not acquire, and shall not claim, any rights rights (trademark, copyright or otherwise) in the Content itself apart from the End Use. Unauthorized use of Content constitutes infringement of copyright and other applicable rights and shall entitle Corbis to exercise all rights and remedies under applicable copyright and other laws, including monetary damages against all users and beneficiaries of the use of such Content.  Corbis in its sole discretion reserves the right to bill [the End User] (and [the End User] hereby agree[s] to pay) ten (10) times the license fee for any unauthorized use, in addition to any other fees, damages and penalties Corbis may be entitled to under this Agreement and applicable law.  The foregoing is not a limiting statement of Corbis'[s] or its Content sources' rights or remedies in connection with any unauthorized use of the Content or breach of the Agreement.

(See FAC ¶ 27.)

According to the FAC, Defendant knew when making its requests for licenses to Corbis that Defendant's actual uses under the licenses would exceed the usage rights it was requesting and for which it was paying.  (FAC ¶ 10.)  In other words, Defendant intended to parlay its misrepresentations into obtaining the Photographs at a lower cost than it would have paid had it been upfront about the scope of its intended uses and to conceal any copyright infringements that occurred as a result.  (Id. ¶ 11.)  Defendant exceeded the permitted uses

under the terms of the licenses in publications identified in the FAC and used the Photographs in publications yet to be identified without any license or permission. (Id. ¶¶ 12-13.) Such unauthorized uses have helped Defendant generate billions of dollars in revenue through its publications and have deprived Plaintiff of compensation. (Id. ¶ 16.)

Additionally, the FAC sets forth that Defendant—as the only party in a position to know—had an equitable duty to disclose any unauthorized copying or distribution of the Photographs. (Id. ¶ 14.) On or about July 27, 2010, Corbis assigned to Plaintiff all claims and causes of action for the unauthorized use of the Photographs related to reproduction and distribution limits. (Id. ¶ 26 & Ex. 3.) Upon inquiry by Plaintiff on August 18, 2012, Defendant refused to disclose its uses of the Photographs. (Id. ¶ 15 & Ex. 5.)

During the relevant period, the FAC alleges that Defendant also provided the Photographs to other entities—subsidiary companies, divisions, affiliates, or third parties, including John Wiley & Sons Canada Ltd. And John Wiley & Sons Australia Ltd. (collectively, the "Third Parties")—who reprinted or distributed the Photographs in publications without Plaintiff's permission. (Id. ¶ 19.) Moreover, Defendant, who had the right and ability to supervise the Third Parties' use of the Photographs, knew when it provided the Photographs to the Third

4

Parties that the Third Parties would use the Photographs without Plaintiff's authorization. (Id. ¶¶ 21-22.) As a result, Wiley profited from providing the Photographs to the Third Parties. (Id. ¶ 23.)

Plaintiff now alleges that Defendant committed copyright infringement, contributory copyright infringement, vicarious copyright infringement, and breach of contract and demands damages. (See id. ¶¶ 30-42.) Defendant requests that this Court dismiss some of those claims made by Plaintiff in the FAC.

II. ANALYSIS

    A.   Motion to Dismiss Standard

In assessing a motion to dismiss, the Court must accept all non-conclusory factual allegations as true and draw all reasonable inferences in the Plaintiff's favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A pleading that offers "labels and conclusions" or "a formalistic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility

of entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Nevertheless, a party may plead as many separate claims as it has, regardless of consistency.  Fed. R. Civ. P. 8.

    B.   Copyright Infringement Claims

Plaintiff alleges that Defendant committed various forms of copyright infringement with respect to specific Photographs for which Plaintiff owns registered copyrights.  The Copyright Act states that "no action for infringement of [a] copyright . . . shall be instituted until registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  Once this jurisdictional prerequisite is satisfied, a plaintiff can state a claim for copyright infringement, by alleging that (1) it owns a valid copyright and (2) the defendant has engaged in the unauthorized reproduction of the copyrighted work.  Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Kregos v. Associated Press, 3 F.3d 656, 661 (2d Cir. 1993).

Defendant asserts that Plaintiff is collaterally stopped from meeting the jurisdictional prerequisite because all of the Photographs listed in Exhibit 1 to the FAC that are relevant to Plaintiff's copyright claims rely upon copyright registrations that this Court has already held to be insufficient to bring the instant suit.  (See Memo. of Law in Support of Partial Mot. to

6

Dismiss First Am. Comp. by Def. [dkt. no. 11] ("Def.'s Br."), at 3-6 (citing Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co. (Houghton Mifflin I), 721 F. Supp. 2d 84, 95 (S.D.N.Y. 2010), Houghton Mifflin (Houghton Mifflin II), No. 09 Civ. 2669 (LAP), 2010 WL 3958841, at *3 (S.D.N.Y. Sept. 27, 2010), and Houghton Mifflin (Houghton Mifflin III), No. 09 Civ. 2669 (LAP), 2012 WL 1021535, at *4-5 (S.D.N.Y. Mar. 26, 2012)).)[1] A party is collaterally stopped from raising an issue in a proceeding if: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." NLRB v. Thalbo Corp., 171 F.3d 102, 109 (2d Cir. 1999).  Plaintiff concedes that the first three steps of a collateral estoppels analysis are met but argues that since a final judgment has yet to be reached in either Houghton Mifflin or McGraw Hill, the Court is not obligated to dismiss Plaintiff's copyright claims in this

---

[1] This Court has applied the Houghton Mifflin orders to dismiss copyright infringement claims that Plaintiff brought in a separate action against publisher The McGraw-Hill Companies, Inc, as well.  See Muench v. The McGraw-Hill Cos., No. 12 Civ. 6595 (LAP) [dkt. no. 36] (S.D.N.Y. Oct. 9, 2012).

action.  (See Pl.'s Response in Opp'n to Wiley's Partial Mot. to Dismiss FAC [dkt. no. 21] ("Pl.'s Br."), at 5-7.)

The Court notes that each of the Photographs listed in Exhibit 1 to the FAC has a copyright registration number of VA 863-783, VA 863-785, or VA 1-371-165.  (See FAC Ex. 1.)  In Houghton Mifflin I, this Court considered the copyright registrations of several Corbis databases of photographs by different photographers, including the registrations just noted, and held them to be invalid as to Muench's individual works within those databases because Muench was not listed as an author, as required by 17 U.S.C. § 409(2).  712 F. Supp. 2d at 87, 94-95.  The Court reiterated this holding in response to Muench's motion for reconsideration, see Houghton Mifflin II, 2010 WL 3958841, at *1-2, and later held that Muench could not rely on supplementary registrations under 17 U.S.C. § 408(d) to overcome the deficiencies of the original registrations, see Houghton Mifflin III, 2012 WL 1021535, at *3.  Thus, for the reasons relied upon in these orders from Houghton Mifflin that relate to the same registrations at issue in this case, the Court dismisses Plaintiff's copyright infringement claims against Wiley.

    B.    <u>Breach of Contract Claims Against John Wiley & Sons Canada Ltd. and John Wiley & Sons Australia Ltd.</u>

In its response to Defendant's partial motion to dismiss, Plaintiff stated that it "voluntarily dismiss[es] its breach of contract claims where the license was granted to a foreign Wiley affiliate." (Pl.'s Br., at 2.)  As such, the remainder of Defendant's partial motion to dismiss is unopposed, and the Court grants Defendant's motion with respect to breach of contract claims against Wiley for the alleged breaches of contract by John Wiley & Sons Canada Ltd. and John Wiley & Sons Australia Ltd.

III. CONCLUSION

For the foregoing reasons, Defendant's partial motion to dismiss the FAC [dkt. no. 11] is GRANTED. The Court hereby dismisses all of the copyright claims brought by Plaintiff in this action, as well as Plaintiff's breach of contract claims where the license was granted to a foreign Wiley affiliate.

In light of Plaintiff's stated interest in filing a motion to certify an interlocutory appeal to the Second Circuit pursuant to 27 U.S.C. 1292(b), the parties shall confer and inform the Court by letter no later than two weeks from the date of this order as to how they propose to proceed.

SO ORDERED.
Dated:    New York, New York
          August 3, 2013

                                    _____
                                    LORETTA A. PRESKA
                                    Chief U.S. District Judge